Mr. Chief Justice Cartter
delivered the opinion of the court.
The court is of the opinion that it ought not to intervene in this case. In coming to this conclusion we have not entered into the merits or demerits of the case. The relator petitions this court to stretch forth its restraining power to prevent a naval court martial from discharging what they esteem to be their duty. The reason assigned for this request is that that duty, or whatever it is to be called, is in excess of its jurisdiction under the law and the Constitution. Now it may be true, as argued by his counsel, that the relator has committed no offence against military propriety or authority. Whether he has or not is not the question that we are called upon to decide. The question is whether we have the power to intervene and arrest the deliberations of this naval court martial. The Supreme Court of the United States, in the case of Wales vs. Whitney, 114 U. S., *536 570, which was a case in strict analogy to the case at bar, has said, in terms as explicit as the English language permits, that neither they nor we have any such jurisdiction. That while this court can deal with the consequences of a usurped jurisdiction on the part of a military tribunal, and enlarge a prisoner suffering from its extra-jurisdictional power, yet we are limited to dealing with the consequences of its action and not with the process by which the consequence is produced. This is predicated of the fact that the action of that tribunal is a usurpation of authority.
It is true, as was ingeniously argued by counsel, that although this doctrine was announced by the Supreme Court in that case, yet it was not the central subject of issue before the Supreme Court or before this court from which the appeal was taken; that the real question was whether a man was imprisoned or restrained of his liberty, not what the correlative relations of the courts were. There is a good deal of force in that argument. But still the expression of the Supreme Court, even though it may border upon dictum, is so elaborated in the opinion in the case that it comes to us with advisory force, and with some of us at least on this bench reinforced by a reason lying behind it. In the case referred to, the Supreme Court say: “But neither the Supreme Court of the District nor this court has any appellate jurisdiction over a naval court martial nor over offences which such court has power to try. Neither of these courts is authorized to interfere with it in the performance of its duty by way of a writ of prohibition or any order of that nature. The civil courts can relieve a person from imprisonment under order of a court only by writ of habeas corpus, and then only when it is made apparent that it proceeds without jurisdiction. If there is no restraint there is no right in the civil court to interfere.”
[It is confessed that there is none here.]
“Its power then extends no - further than to relieve the prisoner. It cannot remit a fine, or return to an office, or reverse the judgment of the military court. Whatever effect the decision of the court may have on the proceed *537 ings, orders or judgments of the military court, is incidental to the order releasing the prisoner. Of course, if there is no prisoner to release, if there is no custody to he dis-< charged, if there is no such restraint as requires relief, then the civil court has no power to interfere with the military court or other tribunal over which it has hy law no appellate jurisdiction.” Wales vs. Whitney, 114 U. S., 570.
There the Supreme Court establishes the doctrine, if what I have quoted is to be regarded as judicial, that the correlation of these courts is such that we may not interfere, and even as dictum it has very good reason behind it. The English cases cited by counsel do not conflict with it, for there the tribunal appealed to had supervision of all the courts in England; it was the court of last resort, and every other court was esteemed inferior to it in dignity and authority. It is otherwise here, we have no jurisdiction over these naval tribunals, although wé have jurisdiction over the consequences that they entail. They do not sit for this jurisdiction ; they are not in the roll of judicial bodies for this jurisdiction ; they sit for the United States wherever the Secretary of the Navy ordains.
We feel that, under all the circumstances, we ought to dismiss this relation, and it is so ordered.